# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 02-3675/02-3676

_____

Carolina Casualty Insurance
Company,

        Appellee,

    v.

Alfred Burbach, Continental
Insurance Company,

        Appellants,

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
District of Minnesota.

[PUBLISHED]

_____

Submitted: October 22, 2003
Filed: January 14, 2004

_____

Before BYE, HANSEN, and MELLOY, Circuit Judges.

_____

HANSEN, Circuit Judge.

Carolina Casualty Insurance Company ("Carolina") brought this declaratory judgment action against Continental Insurance Company ("Continental"), Alfred Burbach ("Burbach"), and Armstrong Rigging & Erecting, Inc. ("Armstrong

Rigging),[1] seeking a declaration relating to disputed insurance coverage. We now reverse the district court's determination that Continental's policy provides the primary insurance coverage for this dispute.

We review de novo the district court's grant of summary judgment. In re Minn. Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 833 (8th Cir. 2003). Summary judgment is appropriate if the record, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The facts underlying this case are not in dispute. Burbach was a flatbed semi-tractor trailer driver employed by Marquardt Transportation Company ("Marquardt"). On March 17, 1987, Burbach sustained permanent injuries when he attempted to move part of a heavy load of freight that had not been properly secured on the flatbed trailer he was preparing to drive to South Dakota. The freight belonged to Portec Corporation, which had hired Armstrong Rigging to load and secure the freight on the flatbed trailer. Carolina is Marquardt's truckers' insurance provider, and Continental is the insurance provider for Armstrong Rigging. Continental has issued two policies to Armstrong Rigging. One is a Commercial General Liability Policy, and the second is a Business Auto Insurance Policy. After a complex series of state and federal court actions, which are fully outlined in the district court's opinion but are not relevant to the single issue in this appeal, Burbach obtained a binding arbitration award against Armstrong Rigging for his damages, which award has been reduced to judgment.

---

[1]Armstrong Rigging was a defendant in the case but is not a party to this appeal.

2

Carolina filed this action against Burbach, Continental, and Armstrong Rigging, seeking a declaration that its insurance policy does not cover Armstrong Rigging's liability for Burbach's judgment. The district court concluded on summary judgment motions that both Carolina's and Continental's insurance policies provide coverage for Armstrong's liability, but after an analysis of total policy insuring intent, the district court ultimately concluded that Continental's policy provided the primary insurance in this instance. Continental and Burbach appeal.

We begin our analysis by noting what is not at issue in this appeal. Carolina does not appeal the district court's judgment that both Carolina's truckers' policy and Continental's commercial liability policy provide coverage to Armstrong Rigging in the circumstances of this case. Under Carolina's truckers' policy, issued to Marquardt, Armstrong Rigging is an insured as a permissive user of Marquardt's trailer for the purpose of loading it. The sole issue on appeal is which policy provides the primary coverage for Armstrong Rigging's determined liability, and its resolution requires an examination of the "other insurance" provisions of the respective policies.

The interpretation of a contractual provision in an insurance policy is a question of law subject to de novo review. Nat'l Union Fire Ins. Co. of Pittsburgh v. Terra Indus., Inc., 346 F.3d 1160, 1164 (8th Cir. 2003). The parties agree that this diversity action is governed by Minnesota law. See id. (noting state law governs interpretation of insurance policies). When considering this case, the district court first held that, looking only to the "other insurance" clauses of the policies, Carolina's coverage is primary. Nevertheless, the court also went on to consider the total policy insuring intent in light of the primary risks upon which each policy's premiums were based and the primary function of each policy. Based upon that further analysis, the district court ultimately concluded that Continental's policy provides the primary coverage.

3

Recent Minnesota case law, however, clarifies that it was inappropriate for the district court to consider the policy insuring intent in this case.  Subsequent to the district court's opinion and subsequent to the filing of briefs in this appeal, the Supreme Court of Minnesota decided a new case on point, and we called for supplemental briefing.  In a case between two automobile insurers, the Supreme Court of Minnesota held that while courts may look beyond the language of the applicable insurance policies to determine the priority of coverage where two or more companies are liable to the insured, "looking to insuring intent is appropriate only where policies contain conflicting 'other insurance' clauses."  Christensen v. Milbank Ins. Co., 658 N.W.2d 580, 587 (Minn. 2003).  Thus, we must first consider whether the language of the "other insurance" clauses at issue in these policies conflict with each other.  If they do not, our inquiry is at an end, and we must apply the policy provisions as they are written.

Carolina's "other insurance" clause states that it provides primary insurance for any truck owned by Marquardt and excess insurance for any covered truck not owned by Marquardt.  Continental's Business Auto Policy provides similar coverage to Armstrong Rigging for its vehicles.  Because Armstrong Rigging did not own the Marquardt trailer, its Continental-issued Business Auto Policy would not provide primary coverage for Burbach's injuries. Continental's Commercial General Liability Policy generally provides primary liability insurance, but an exception states that it provides only excess coverage where "the loss arises out of the . . . use of . . . 'autos.'" (Appellant Continental's Add. at 32.)  That policy defines "autos" as any "land motor vehicle, trailer or semi-trailer designed for travel on public roads."  (Id. at 33.)

The "other insurance" clauses at issue here do not conflict with each other. Carolina provides primary coverage for vehicles owned by Marquardt, as was the trailer to be driven by Burbach and permissively used by Armstrong Rigging. Continental's auto policy specifically states that it provides only excess insurance for vehicles not owned by Armstrong Rigging.  Finally, although Armstrong Rigging's

4

Commercial General Liability Policy issued by Continental provides primary insurance in most instances, an express exception states that it provides only excess insurance when an auto was involved in the loss. Burbach's accident occurred on the trailer bed of a vehicle owned by Marquardt. Thus, consistent with the terms of all of the policies, only Carolina's policy provides primary insurance in this circumstance. The district court's first impression as to primary coverage was correct. It was therefore inappropriate for the district court to consider policy insuring intent.

Carolina argues that the Christensen case is inapposite because it involved a priority dispute between two automobile policies, whereas the present dispute involves two policies designed to serve fundamentally different purposes. This distinction is not stated in Christensen. The discussion of priority in that case hinges on the language of the "other insurance" clauses at issue and makes no mention of the similar nature or purposes of the relevant insurance contracts as a whole. As we indicated above, Carolina did not appeal the district court's determination that its policy provides coverage for Armstrong Rigging in this instance; the only disputed determination is that of priority, which in this case begins and ends with the language used in the "other insurance" clauses at issue.

General contract interpretation principles require courts to construe the language of insurance policies according to the terms the parties have used in order to give effect to the intention of the parties as stated in the contract. Christensen, 658 N.W.2d at 587. If that language is unambiguous, the terms are to be taken in their plain and ordinary sense "so as to give effect to the intention of the parties as it appears from the entire contract." Id. (internal quotation marks omitted). After stating these general contract principles and the exception that courts may look beyond the language of insurance policies when determining priority, the Supreme Court of Minnesota further explained that analyzing insuring intent is inappropriate unless the language of the two policies conflict. Id. at 588. Because there is neither an ambiguity nor a conflict between the express terms of the policies at issue in the

present case, the holding of the <u>Christensen</u> case compels our conclusion that the Carolina policy is primary.

Accordingly, we reverse and remand for entry of judgment declaring Carolina's insurance policy to be primary in this dispute.

_____